IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Criminal Action No. 7:17-cr-00066 |
| | ) | |
| LAUREN NICOLE HOBACK, *et al.* | ) | By: Elizabeth K. Dillon |
| | ) | United States District Judge |
| Defendants. | ) | |

**ORDER DISQUALIFYING COUNSEL**

This matter is before the court on a potential conflict of interest brought to the court's attention by counsel for the United States and counsel for defendant Lauren Hoback. The conflict centers on defense counsel's prior representation of Robert Taylor, who is a witness for the United States in this case. The court ordered briefing on the issue, which the parties submitted, and it also held a hearing. For the following reasons, the court finds that it is necessary to disqualify defense counsel from representing Hoback in this case.

I. INTRODUCTION

Counsel for Hoback, Christopher Kowalczuk, formerly represented Robert Taylor in a criminal drug prosecution brought by the Commonwealth of Virginia in the Roanoke City Circuit Court. Taylor entered a guilty plea, and the case is now closed. Taylor is not currently incarcerated regarding the previous case. In the instant case, Taylor is a "cooperating, unindicted co-conspirator under the theory of the case espoused by the United States." (Def.'s Br. 1, Dkt. No. 115.) The government has confirmed that Taylor is a material witness in Hoback's scheduled trial. (Gov't. Br. 1, Dkt. No. 116.)

Upon learning that Taylor would be a witness, Kowalczuk spoke with Hoback and with Taylor and explained that he "felt no conflict existed." (Def.'s Br. 1.) Afterwards, both orally consented to his representation of Hoback. Kowalczuk and counsel for the United States alerted the court to the potential conflict during a chambers conference. At the subsequent hearing, Kowalczuk elaborated that Taylor had contacted him prior to his grand jury testimony. Kowalczuk asserted that he could not recall the conversation, but he assumes he told Taylor what he would tell any client regarding grand jury testimony—tell the truth. He emphasized that Hoback wants him to represent her and that, although both representations involved drugs, the transactions were not related. For its part, and although its brief argued that Kowalczuk's representation of Hoback "appears to be improper" (Gov't. Br. 2), counsel for the United States stated at the hearing that it respects defense counsel and leaves the resolution of the issue to the discretion of the court.

## II. DISCUSSION

Although both parties turned to the applicable Virginia Rules of Professional Conduct as a starting place, the analysis properly begins with the Sixth Amendment, which guarantees defendants the right to a lawyer unencumbered by an actual or serious potential for conflict. *See Hoffman v. Leeke*, 903 F.2d 280, 285 (4th Cir. 1990); *see also United States v. Cortez*, 205 F. Supp. 3d 768, 774 (E.D. Va. 2016). While Hoback also has the Sixth Amendment right to counsel of her choice, the "presumption in favor of a counsel of one's choosing may be overcome by a showing of an actual conflict of interest or the serious potential for a conflict of interest." *United States v. Williams*, 439 F. App'x 254, 256 (4th Cir. 2011) (citing *United States v. Basham*, 561 F.3d 302, 323 (4th Cir. 2009), *cert. denied*, 560 U.S. 938 (2010)); *see also Tessier v. Plastic Surgery Specialists, Inc.*, 731 F. Supp. 724, 729 (E.D. Va. 1990) (explaining

that the "right of one to retain counsel of his choosing is secondary in importance to the Court's duty to maintain the highest ethical standards of professional conduct to insure and preserve trust in the integrity of the bar") (internal quotations and citations omitted).

An actual conflict "occurs in circumstances where a lawyer's interests are such that it is reasonable to believe that she or he would be tempted to act in a manner inimical to the client's best interests." *Reckmeyer v. United States*, 709 F. Supp. 680, 688 (E.D. Va. 1989). A number of factors may help determine whether a conflict of interest exists: (i) "whether the attorney has confidential information that is helpful to one client but harmful to another"; (ii) "whether and how closely the subject matter of the multiple representations is related"; (iii) "how close in time the multiple representations are related"; and (iv) "whether the prior representation has been unambiguously terminated." *Cortez*, 205 F. Supp. 3d at 776 (quoting *United States v. Infante*, 404 F.3d 376, 392 (5th Cir. 2005)).

More specifically, the Virginia Rules of Professional Conduct, "which are guides to determining what is reasonable" regarding a defendant's Sixth Amendment right to effective counsel, provide that when a lawyer has previously represented Client A, he may not represent Client B in "a substantially related matter in which [Client A]'s interests are materially adverse to the interests of [Client B] unless both the present and former client consent after consultation." VRPC 1.9. The key to addressing "the question of attorney disqualification in the successive representation context" is the substantiality of the relationship between the present and the prior representation. *Tessier*, 731 F. Supp. at 730. "[O]nce an attorney-client relationship has been established, an irrebuttable presumption arises that confidential information was conveyed to the attorney in the prior matter." *Id.* Furthermore, "if the lawyer could have obtained confidential information in the first representation that would have been relevant in the second, then the

3

matters are considered to be substantially related." *Sunbeam Prods., Inc. v. Hamilton Beach Brands, Inc.*, 727 F. Supp. 2d 469, 473 (E.D. Va. 2010) (internal quotations and citations omitted).

Here, there is at minimum a serious potential for conflict of interest. The court finds that Kowalczuk formed an attorney-client relationship with Taylor, that the interests of Taylor and Hoback are materially adverse, and that the past and present representations are substantially related (at least with regard to advice given prior to grand jury testimony). The United States confirmed in its briefing and again at the hearing that it intends to call Taylor as a material witness in Hoback's trial. Although Kowalczuk does not recall his conversation with Taylor, the court must presume that confidential information was conveyed. *Tessier*, 731 F. Supp. at 730. Accordingly, because such information could very well be relevant to the proceedings against Hoback, the court's concern is that Kowalczuk would be placed in a position to "face an intolerable choice between (i) pulling punches on cross-examination (to [Hoback's] detriment), or (ii) undermining the admissibility, credibility, and weight of [Taylor's] testimony (to [Taylor's] detriment)." *Cortez*, 205 F. Supp. 3d at 777.

Kowalczuk argues that disqualification is not required because both Hoback and Taylor have consented to his representation of Hoback in the current case. With respect to waiver, Virginia Rule of Professional Conduct 1.9 requires that "both the present and former client consent after consultation," which is "effective only if there is full disclosure of the circumstances, including the lawyer's intended role in behalf of the new client." VRPC 1.9(a); Cmt. 9. For purposes of this motion, the court accepts Kowalczuk's explanation that he provided full disclosure to both Taylor and Hoback.

4

Nevertheless, the court must consider whether such waivers by Taylor and Hoback are "sufficient, or whether defense counsel's conflict is not waivable, thereby requiring disqualification." *Cortez*, 205 F. Supp. 3d at 781. In doing so, the court carefully weighs Hoback's Sixth Amendment rights to conflict-free counsel and counsel of choice, as well as the judiciary's independent duty to safeguard the integrity of criminal proceedings. *See United States v. Howard*, 115 F.3d 1151, 1155 (4th Cir. 1997). The court concludes that, in this case, confidentiality conflicts with the right to choose counsel; when such a conflict occurs, "confidentiality prevails." *Tessier*, 731 F. Supp. at 729. The court arrives at this conclusion because it is impossible to determine what Taylor conveyed to Kowalczuk (or vice versa), because the law presumes that confidential information was conveyed, and because Kowalczuk's obtaining confidential information in his representation of Taylor that would be relevant to the proceedings against Hoback far exceeds "mere speculation [regarding] a chain of events," *Sanford v. Commonwealth of Va.*, 687 F. Supp. 2d 591, 603 (E.D. Va. 2009). Thus, the court concludes that the waivers are not sufficient to remedy the serious potential for conflict of interest.[1]

The court does not doubt that Kowalczuk stated truthfully that he does not remember his conversation with Taylor and that he does not believe it involved the communication of confidential information relevant to the instant case. Likewise, the court does not doubt that Kowalczuk has made every effort to ensure that he was acting in an ethical manner. Even so, it is not for the court "to consider whether the motives of counsel in seeking to appear despite his

---

[1] Fourth Circuit case law supports this result. *See United States v. Clarkson*, 567 F.2d 270, 273 n.3 (4th Cir. 1977) ("[T]he trial court is not to weigh the circumstances with hair-splitting nicety but, in the proper exercise of its supervisory power over the members of the bar and with a view of preventing the appearance of impropriety, it is to resolve all doubts in favor of disqualification.") (internal quotation marks omitted); *see also Williams*, 439 F. App'x at 254 (upholding disqualification of defense counsel whose prior representation of a possible government witness created a serious potential for conflict of interest); *United States v. Williams*, 81 F.3d 1321, 1325 (4th Cir. 1996) (upholding disqualification of defense counsel whose prior representation of a government witness would present risks to both the present and former client during cross-examination of the witness).

conflict are pure or corrupt; in either case the disqualification is plain." *Clarkson*, 567 F.2d at 273 n.3. The court finds that the nature of the conflict is such that disqualification is necessary to safeguard the integrity of the criminal proceedings against Hoback.

III. CONCLUSION

For the reasons stated above, the court hereby orders that defense counsel is DISQUALIFIED from representing Hoback in this case. The clerk is directed to appoint new counsel for Hoback.

The clerk is further directed to provide a copy of this order to all counsel of record.

Entered: July 31, 2018.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge