IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| v. | ) | Criminal Action No. 7:17-cr-00066 |
| | ) | |
| | ) | |
| LAUREN NICOLE HOBACK, *et al.* | ) | By: Elizabeth K. Dillon |
| | ) | United States District Judge |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

This matter is before the court on defendant Lauren Nicole Hoback's second pro se motion to modify her sentence pursuant to 18 U.S.C. § 3582(c). (Dkt. No. 228.) In a previously filed motion, which the court denied, Hoback argued that the First Step Act of 2018 and the United States Sentencing Guidelines (USSG) allowed the court to release her to home confinement as a substitute for a portion of her sentence of incarceration. Hoback now asserts that the First Step Act and the USSG permit the court to credit her sentence by a duration equal to the amount of time she spent on home confinement while awaiting sentencing. For the reasons that follow, the court will deny Hoback's motion.

I.  BACKGROUND

Hoback was charged in a second superseding indictment with conspiracy to distribute methamphetamine (count one) and attempt to possess with the intent to distribute methamphetamine (count five) in violation of 21 U.S.C. § 841, and with violating the conditions of her pretrial release[1] in violation of 18 U.S.C. § 3147 (count six). (Dkt. No. 178.) On June 24, 2019, Hoback pled guilty to counts one and five. (Dkt. No. 205.) The court subsequently sentenced Hoback to 72 months in the custody of the Bureau of Prisons (BOP) on counts one and

---

[1] The conduct for which Hoback was charged in count five occurred while Hoback was on pretrial release.

five to run concurrently, followed by supervised release for a period of three years on both counts to run concurrently.  (Dkt. Nos. 221, 224.)

Hoback states that prior to her sentencing, she spent more than fifteen months on home monitoring and supervision by the United States Probation Office.  As a condition of her release to home supervision, Hoback was required to be home between 7:00 p.m. and 7:00 a.m.

## II.  DISCUSSION

Section 3582 of Title 18 of the United States Code states that a district court "may not modify a term of imprisonment once it has been imposed" unless the Bureau of Prisons moves for a reduction,[2] the Sentencing Commission amends the applicable Guidelines range, or another statute or Rule 35 of the Federal Rules of Criminal Procedure expressly permits the court to do so.  Hoback's motion is not based on a lowered guidelines range, and the BOP has not moved for a reduction.  The court will therefore construe Hoback's motion as one under § 3582(c)(1)(B), which allows the court to modify an imposed term of imprisonment to the extent permitted by statute.[3]

Hoback argues that the First Step Act "empowered the court to expand its discretion in subsequently lowering a term of incarceration if the defendant was on a term of home detention." (Dkt. No. 22, at 2.)  In support of her motion, she cites to § 504 of the First Step Act.  However, § 504 addresses federal reentry improvements and does not provide for the reduction Hoback

---

[2] The court may consider modification pursuant to the compassionate release provisions of § 3582(c)(1)(A) upon motion of the defendant, but only after the defendant has exhausted her rights with the BOP.  Hoback has not indicated that she met this prerequisite.

[3] Section 3582(c)(1)(B) also provides that the court may modify a sentence consistent with Rule 35 of the Federal Rules of Criminal Procedure; however, that provision does not apply here.  See Fed. R. Crim. P. 35 (authorizing the correction within 14 days after sentencing of "arithmetical, technical, or other clear error," unless defendant merits a reduction for substantial assistance).

seeks.[4]  *See, e.g. United States v. Summers-Grace*, No. ELH-16-0594, 2020 WL 1235016, at *2 (D. Md. Mar. 13, 2020) ("Petitioner appears to argue that Section 504 of the First Step Act provides the statutory mechanism for relief by way of § 3582(c)(1)(B). . . . Petitioner is wrong. The First Step Act does not address pretrial home confinement.").

      To the contrary, under 18 U.S.C. § 3585, which governs the calculation of a term of imprisonment, "[a] defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences." *Id.* § 3585(b).  The Supreme Court has held that "a defendant suffers 'detention' only when committed to the custody of the Attorney General," such that a defendant was not entitled to credit for time spend on bail subject to restriction conditions.  *See Reno v. Koray*, 515 U.S. 50 (1995).  The Fourth Circuit has similarly rejected a defendant's request for credit toward her sentence for time spent on bond, which included electronic monitoring.  *United States v. Insley*, 927 F.2d 185, 186 (4th Cir. 1991) ("Conditions of release are not custody.  'For the purposes of calculating credit for time served under 18 U.S.C. § 3585, 'official detention' means imprisonment in a place of confinement, not stipulations or conditions imposed upon a person not subject to full physical incarceration.'" (quoting *United States v. Woods*, 888 F.2d 653, 655 (10th Cir. 1989))); *see also United States v. Yates*, No. 1:15-cr-97-MOC-DLH-2, 2019 WL 4439678, at *2 (W.D.N.C. Sept. 16, 2019) ("Because defendant was on home detention, rather than in the custody of the Attorney General, she is not entitled to credit for her time on pre-trial home confinement."); *Woods v. Revell*, No. 5:11-HC-2134-BO, 2012 WL 3043186 (E.D.N.C. July 25, 2012) (rejecting a defendant's argument that he was entitled to credit for time spent on home detention prior to sentencing).

---

[4] Hoback also asserts that USSG §§ 5C1.1 and 5F1.1 allow the court to substitute home confinement for a period of imprisonment during sentencing.  As the court noted in its prior order, although these sections of the USSG provide courts with sentencing options, they do not permit modification of an already-imposed sentence.

Accordingly, Hoback is not entitled to credit for the time she spent in home confinement as part of her pretrial release.

### III.  CONCLUSION

For the reasons set forth above, it is hereby ORDERED that Hoback's motion to reduce her sentence (Dkt. No. 228) is DENIED.  The clerk is directed to provide a copy of this order to the defendant, all counsel of record, and the United States Probation Office.

Entered: June 2, 2020.

*/s/ Elizabeth K. Dillon*

Elizabeth K. Dillon
United States District Judge