IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Criminal Action No. 7:17-cr-00066 |
| v. ) | |
| ) | By: Elizabeth K. Dillon |
| LAUREN NICOLE HOBACK ) | United States District Judge |

**MEMORANDUM OPINION**

Before the court is defendant Lauren Nicole Hoback's *pro se* motion for early termination of supervised release. (Dkt. No. 249.) The government has not filed an objection to the motion. Neither party requested a hearing, and the court finds that a hearing is not necessary to resolve Hoback's motion. The court will grant Hoback's motion.[1]

I. BACKGROUND

On June 24, 2019, Hoback pleaded guilty to conspiracy to distribute 500 grams or more of methamphetamine (Count 5) and attempt to possess with intent to distribute methamphetamine (Count 5). (Dkt. No. 205.) She was sentenced to 72 months' imprisonment on each count to be served concurrently followed by three years' supervised release on each count to run concurrently. (Dkt. No. 224.)

Ms. Hoback began her term of supervision on March 3, 2022.

On October 4, 2023, Hoback filed a *pro se* motion for early termination of her remaining supervised release term. Hoback has not violated the terms of her supervised release, has maintained full-time employment, and is helping to support her family. Ms. Hoback also completed a substance abuse evaluation as required and was not recommended for any further

---

[1] A hearing is not required by the Federal Rules of Criminal Procedure because the relief sought is favorable to defendant and the government received notice and did not file an objection. Fed. R. Crim. P. 32.1(c)(2).

services. All fines and fees related to her underlying offense conduct have been paid in full. Finally, Ms. Hoback was considered low risk and placed on the administrative caseload for probation on April 28, 2023. While there was one violation submitted to the court in August of 2023, the charges related to that violation were nolle prossed and appear to stem from a domestic dispute.

## II.  ANALYSIS

Pursuant to 18 U.S.C. § 3583(e), a court may, after considering the factors set forth in 18 U.S.C. § 3553(a), terminate a term of supervised release at any time after the expiration of one year of supervised release if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice. As at sentencing, courts consider several factors, including the nature and circumstances of the offense, the history and characteristics of the defendant, the need for the sentence imposed to afford adequate deterrence, and the need to protect the public from further crimes of the defendant. 18 U.S.C. § 3553(a).

Courts have discretion whether to grant early termination of supervised release, even when the conditions for termination are met. *Folks v. United States*, 733 F. Supp. 2d 649, 651 (M.D.N.C. 2010). In addition, the inquiry is broader than the individual's conduct. *United States v. Pregent*, 190 F.3d 279, 282–83 (4th Cir. 1999). "Circumstances that justify early discharge have included exceptionally good behavior that makes the previously imposed term of supervised release 'either too harsh or inappropriately tailored to serve' general punishment goals." *Folks*, 733 F. Supp. 2d at 651 (quoting *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997)). Neither the passage of time nor full compliance with the terms of supervised release are sufficient bases to warrant early termination. *United States v. Ferris*, Case No. 5:14-CR-0008, 2021 WL 1588972, at *2 (W.D. Va. Apr. 22, 2021).

While Hoback's offense was serious, she has now served her sentence and half of her supervised release term.

The court finds that there is no longer a need to protect the public or to deter Hoback from committing further crimes through the ongoing imposition of release conditions. For these reasons, the court will grant Hoback's motion for early termination of her supervised release.

### III.  CONCLUSION

For the foregoing reasons, Hoback's motion for early termination of supervised release (Dkt. No. 249) will be granted. The court will issue an appropriate order.

Entered: December 12, 2023.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge